IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN D. SEXTON,

                Petitioner,

        v.                         CASE NO. 08-3208-SAC

DAVID McKUNE, et al.,

                Respondents.

**O R D E R**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By an order entered on August 26, 2008 (Doc. 4), the court directed petitioner to show cause why this matter should not be dismissed due to his failure to file the petition within the one-year limitation period. Petitioner has filed a response, and the matter is ready for review.

**Background**

As set forth in the court's earlier order, petitioner was convicted of second-degree murder, and the Kansas Supreme Court affirmed the conviction on December 9, 1994. Petitioner filed an action for post-conviction relief on December 14, 1995. The state district court denied relief, and the Kansas Court of Appeals affirmed the decision on September 11, 1998.

Petitioner took no further action to obtain review until January 2006, over seven years later, when he filed a second post-

conviction action.  That action was dismissed as successive, and appellate review concluded in May 2008.

### Discussion

As set forth in the court's earlier order, the limitation period for filing a habeas corpus action ordinarily is one year. 28 U.S.C. § 2244(d).  Because petitioner's conviction became final prior to the 1996 effective date of the Antiterrorism and Effective Death Penalty Act, he would have been required to commence an action for habeas corpus within one year of its enactment. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).  However, the petitioner's pending post-conviction action tolled the limitation period, and the limitation period began to run in 1998 and expired in 1999, one year after the petitioner's post-conviction action was decided.[1]

Because petitioner did not file a petition within the limitation period, he may only proceed in this action if he can establish a basis for equitable tolling.  Such tolling applies only in "rare and exceptional circumstances."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

In his response (Doc. 5) and supplemental response (Doc.6), petitioner contends the limitation period should be tolled due to the ineffective assistance of his defense counsel at trial, his

---

[1] Because the court decides this matter on the failure to commence this matter in a timely manner, the court does not reach the question of procedural default due to petitioner's failure to seek review in the Kansas Supreme Court following the decision of the Kansas Court of Appeals.

limited knowledge of the legal system, his indigence, and the difficulty of obtaining access to the prison law library. He also contends that he is innocent.

Petitioner's claim that he should be allowed the benefit of equitable tolling due to the ineffective assistance of counsel at trial is not persuasive. Petitioner presented this claim to the state courts in his first action for post-conviction relief,[2] and he clearly had notice of the claim within the limitation period.

Next, in order to assert actual innocence as a basis for equitable tolling, a petitioner "'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Brown v. Oklahoma*, 2008 WL 4130377, *2 (10th Cir. 2008)(quoting *House v. Bell*, 547 U.S. 518, 536-37 (2006)).

In support of this claim, petitioner relies on police reports filed in 1991 and 1992 that allegedly were filed with the Atchison Police Department by the victim, who reportedly claimed petitioner had tried to kill her. Petitioner states the victim recanted and the police determined the events were suicide attempts. However, petitioner also acknowledges his trial attorney informed him of these reports. (Doc. 5, p. 3.) The reports clearly are not new

---

[2] Although the unpublished decision of the state court has not been provided to the court, the appellate briefs in that action demonstrate that the issue of ineffective assistance was raised and decided against the petitioner. 1997 WL 34602405, Brief of Appellee and 1997 WL 34602404, Brief of Appellant, *Sexton v. State*, 969 P.2d 262 (Table)(Kan. App. 1998).

evidence, nor do they establish petitioner's factual innocence.

Next, petitioner's assertion that he was unable to timely file a petition due to his ignorance of the legal system and of the limitation period does not state a basis for equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)("ignorance of the law, even for an incarcerated pro se [party], generally does not excuse prompt filing").

Nor has a limit on a prisoner's access to a law library been held to warrant equitable tolling, where, as here, the petitioner has not shown how the lack of access caused a delay in filing. *Marsh*, *id*., (quoting *Miller*, 141 F.3d at 978)).

Finally, petitioner's failure to commence any action between September 1998 and January 2006 supports a conclusion that he has not diligently pursued his claims, a requirement he must satisfy to obtain equitable tolling. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003)("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims.")

For these reasons, the court finds petitioner is not entitled to equitable tolling and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed as untimely.

A copy of this order shall be transmitted to the petitioner.

4

5

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2008, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge

5